THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. RAMÓN VERGARA VÁZQUEZ, Defendant and Appellant.

No. CR-67-288.    Decided October 16, 1970.

*Rafael L. Franco García* for appellant. *Rafael A. Rivera Cruz, Solicitor General, Héctor R. Orlandi Gómez, Assistant Solicitor General,* for The People.

PER CURIAM: On June 29, 1964, an information was filed against appellant for the offense of statutory rape consisting in having sexual intercourse with a female under the age of fourteen years. Section 255 of the Penal Code, 33 L.P.R.A. § 961 (1).

The arraignment took place on the following July 21. After several continuances, the case was heard before a jury on April 6, 1965. Appellant was found guilty by a majority of 9 to 3. On August 4, 1965, the court sentenced him to serve from 1 to 3 years in the penitentiary. That same day defendant appealed to this Court. The only ground to support that appeal centers on the admissibility in evidence during the trial of a sworn statement given by defendant before the prosecuting attorney early in the morning after the events took place. Appellant alleges that said statement should not have been admitted because when he gave it he did not have assistance of counsel nor was he advised of his right to that effect and of his right to communicate with his family.

The direct evidence for the prosecution consisted of the testimony of the prosecutrix. We do not have the benefit of the transcript of her testimony since appellant requested only the transcript of the incidents during the trial in connection with the admission in evidence of his sworn statement accepting the facts. His position then, reiterated in this appeal was that, besides said statement, which was admitted with his objection, the evidence for the prosecution did not establish the corroboration of the testimony of the prosecutrix.

Rule 154 of the Rules of Criminal Procedure (34 L.P.R.A. App. II, p. 249) provides that in the trials for rape the defend-

ant cannot be convicted upon the sole testimony of the woman upon or with whom the offense was committed, unless her testimony is corroborated by other evidence which in itself, and without taking into consideration the testimony of the aggrieved woman, tends to connect the defendant with the commission of the offense. *People* v. *De Jesús Cruz*, 94 P.R.R. 170 (1967). If the sworn statement given by defendant to the prosecuting attorney were admissible the requirements of Rule 154 are complied with, since his admission or confession of the facts, if believed by the jury, is sufficient to connect him with the offense of rape. *People* v. *Feliciano*, 70 P.R.R. 834, 836 (1950); *People* v. *Márquez*, 64 P.R.R. 354, 362 (1945).

The facts occurred in the afternoon of May 31, 1964. The sworn statement given before the prosecuting attorney, the admissibility of which is object of the controversy raised herein, was given by defendant at about 8:30 of the following morning. There it says that the day before defendant went to the beach of Punta Salinas in a pick-up wagon in the company of the presumptive prosecutrix, a small brother of hers, and a nephew of defendant. When they arrived at the beach the two boys stayed there to go swimming. Defendant left with the prosecutrix to have a drink and they got to the Hotel Las Villas. They had sexual relations in the Hotel. Coming back, at about 4:00 p.m. defendant took the young woman and her brother back to their residence in Bayamón. Defendant also states that that same night the Police went to his house looking for him, but since he was not there, they left him a message to go to the prosecuting attorney's office in the following morning.

On the following day defendant went to the prosecuting attorney's office at 8:30 to 9:00 a.m. Aristóteles Rivera, stenographer of the prosecuting attorney's office of Bayamón, testified as witness for The People, in the absence of the jury, in regard to the voluntariness of defendant's written confession. Defendant's confession was admitted in evidence by

the judge with the objection of defendant (Tr. Ev. 21). Defendant-appellant did not present evidence to controvert the evidence of the prosecuting attorney in that respect.

We agree with the judge that said statement was voluntarily given by defendant. There is no controversy as to the fact that appellant's confession to the prosecuting attorney was not preceded by a warning concerning his right to communicate with his closest relatives and to be represented or assisted at that moment by counsel. The only point is whether that notwithstanding said confession is admissible.

■ In *Rivera Escuté v. Delgado, Warden*, 92 P.R.R. 746 (1965), this Court held that from the date of that decision, October 26, 1965, under the Constitution of the Commonwealth of Puerto Rico

". . . the confession of an accused or suspect or the admissions which substantially prejudice him, obtained while in custody of the police or other competent authority during interrogation for the purpose of eliciting incriminating statements, are not admissible in evidence in the 'criminal prosecution' (1) if he was not effectively advised by the police or other competent authority, before testifying, of his absolute constitutional right to stand mute and not to incriminate himself; and (2) if he was not advised by the police or other competent authority, before testifying, of his right to have aid of counsel, the fact that the accused did not actually request it not relieving the prosecution from the obligation to advise him of his right to have it; or (3) if he requested to confer with an attorney and was not permitted to be thus assisted when his statement was obtained." *Rivera Escuté v. Delgado, Warden, supra* at p. 757.

■ The trial in the case at bar was held on April 6, 1965, a little more than six months prior to the decision in *Rivera Escuté*. It was in that hearing that the confession of defendant-appellant before the prosecuting attorney was admitted in evidence. The voluntariness of the statement given by defendant, or the fact that it could have been flawed in any manner by fraud or coercion exercised upon him, was

not questioned in the present appeal nor in the incidents as to its admission in evidence in the trial court. It is an accepted fact that defendant went to the prosecuting attorney's office voluntarily (Tr. Ev. 4, 7). Defendant was warned by the prosecuting attorney to the effects that he could be charged with the offense of Statutory Rape, that he was not required to make a statement, and if he did, his statement could be used against him. He was also warned that, he was not being forced, threatened or being offered anything to testify. The record shows, in effect, that defendant had a short interview with the prosecuting attorney (four or five minutes) before they went to the stenographer's office where his statement was taken in the presence of the prosecuting attorney. His statement was typewritten directly as he was testifying. Thereafter it was given to him to read, he read it and signed it (Tr. Ev. 14–16). All the warnings required until then at that stage of the investigation were given to defendant.

In *People* v. *Adorno Lorenzana*, 93 P.R.R. 768, 774–775 (1966), this Court held that the doctrine established in *Rivera Escuté* is available only to persons whose trials had not begun on October 26, 1965, date on which the cited case was decided. In *Adorno Lorenzana* the trial was held during the last days of July and the beginning of August 1963. In *People* v. *Lastra Sáez*, 93 P.R.R. 856, 867 (1967), the trial was held during April 8, 12, and 20, 1965. There we stated that:

"As the trial was held during the days of April 8, 12, and 20, 1965, the doctrine for the exclusion of confessions obtained when defendant is examined without legal representation while detained during the accusatory stage and deprived of his liberty in a significant manner, which we established in *Rivera Escuté* . . . since in *People* v. *Adorno Lorenzana* . . . [*supra*] we decided that said doctrine is applicable in cases where the trial is held after the aforementioned date of October 26, 1965."

*People* v. *Guadalupe Rosa*, 94 P.R.R. 180, 186 (1967) reiterated what was established in *Adorno Lorenzana, supra*.

It was thus stated in *People* v. *De Jesús Cabrera*, 94 P.R.R. 428, 432, 433 (1967); *People* v. *Rivera Suárez*, 94 P.R.R. 485, 492 (1967); *People* v. *Figueroa González*, 95 P.R.R. 96, 99 (1967); *People* v. *González Torres*, 95 P.R.R. 152, 154 (1967); *People* v. *Vales Avilés*, 96 P.R.R. 240, 244 (1968) where we said that the voluntary confessions made by a defendant at the police station were admissible in evidence in a criminal prosecution held before October 26, 1965, date when *Rivera Escuté* was decided, even when defendant was not warned of his constitutional rights not to incriminate himself and to his right of legal aid. We are not inclined to reject or even reexamine the nonretroactive doctrine of *Rivera Escuté* established in these cases. The rules announced therein were not enforceable on the date appellant made his confession. The prosecuting attorney relied on the legal situation in force then. This situation had not changed on the date appellant was tried before the Superior Court. As to the problems of this phase of the judicial process insofar as the consequences which arise from the judgments in the field of criminal procedure see Haddad, *Retroactivity Should be Rethought*, 60-No. 4 J. Crim. L. C. & P. S. (1969); Schaefer, *The Control of "Sunbursts": Techniques of Prospective Overruling*, 42 N.Y. U.L.Rev. 631 (1967); Fairchild, *Limitation of New Judge-Made Law to Prospective Effect Only*, 51 Marq. L. Rev., 1967–68; Anno. in 10 A.L.R.3d 1371, *Prospective or Retroactive Operation of Overruling Decision*.

■ Appellant invokes Rule 22 of the Rules of Criminal Procedure in his contention challenging the admissibility of his statement to the prosecuting attorney. Said Rule enumerates a series of warnings which the Magistrate shall give to the person arrested or who has appeared in response to a summons. The Rule demands, among other things, that the person arrested be informed of his right to communicate with his closest relative or with counsel and of his right to obtain services of counsel. There is nothing to show that said Rule is ap-

plicable to the stage of investigation during which appellant herein made his statement. The Rule is framed to regulate the proceedings subsequent to the arrest. Appellant's statement was made at a prior stage.

The guarantee to the effect that his extrajudicial statement accepting the facts was not admissible because the same was not preceded by the warnings about his right to be assisted by counsel there or of his right to communicate with his relatives not being available for appellant at the date he was tried, nor it having been shown that the lack of said warnings or the absence of counsel at that stage prevented a fair and impartial trial, we are of the opinion that the judgment appealed from should be affirmed.

For the foregoing reasons, the judgment appealed from will be affirmed.

Mr. Chief Justice Negrón Fernández did not participate herein.